IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| THOMAS EARL NARD | § | |
| v. | § | CIVIL ACTION NO. 2:05cv248 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Thomas Nard, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the computation of his sentence. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Nard says that he received a 20-year sentence in April of 1989 and served 12 years in prison before being released on mandatory supervision in May of 2001. One year later, in May of 2002, a parole violation warrant was issued for his arrest, and he was arrested in June of 2002. His mandatory supervision was revoked and he was returned to prison.

Nard says that once he returned to prison, TDCJ-CID officials added the time which he had spent on mandatory supervision to the end of his sentence, changing his 20-year sentence to a 21-year sentence without a court order. He says that this is "false imprisonment" and violates his rights under the Sixth, Eighth, and Fourteenth Amendments.

After review of the petition, the Magistrate Judge issued a Report on July 22, 2005, recommending that the petition be dismissed. The Magistrate Judge observed that Texas law has long provided that the time spent on parole or mandatory supervision which is subsequently revoked

does not count toward the sentence; the Fifth Circuit has upheld this provision of Texas law. <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996).

The Magistrate Judge then quoted the relevant state statute, Tex. Gov. Code art. 508.283, and observed that under the terms of the statute, the remaining portion of Nard's sentence after his mandatory supervision was revoked, which is seven years, is to be served without credit for the time between the date of release and the date of issuance of the warrant, which was one year. This sets off the termination of his sentence by one year. The Magistrate Judge noted that this may look like a year has been added to his sentence, but that this is not the case; rather, his sentence is being computed so as to account for the fact that he is not entitled to credit for the year which he spent on mandatory supervision prior to having this status revoked. The Magistrate Judge added that this means of computing Nard's sentence comports with Texas law, which has been upheld by the Fifth Circuit. Accordingly, the Magistrate Judge recommended that Nard's petition for the writ of habeas corpus be denied.

Nard filed objections to the Magistrate Judge's Report on August 5, 2005. In his objections, Nard argues that his sentence began in 1989 and should end 20 years from that day, in 2009. He says that the provisions of Texas law cited by the Magistrate Judge do not give the Director of TDCJ the right to make his sentence longer than the judge who sentenced him. Nard argues that sentences must be continuous and that prisoners cannot serve their sentences in installments.

Next, Nard argues that the alteration of his sentence violates Article III of the Constitution and says that he did not commit a new crime so as to justify an addition to his sentence. He says that the additional time on his sentence amounts to a "bill of attainder" and that the addition of time to his sentence violates his constitutional right to freedom of contract. Finally, he says that the lengthening of his sentence is "ex post facto" and that he is being falsely imprisoned.

Nard's objections are without merit. The rule regarding the continuous serving of sentences (i.e. that sentences cannot be served in installments) provides for an exception where the

2

prisoner is at fault for the interruption of the sentence. Free v. Miles, 333 F.3d 550, 553 and n.7 (5th Cir. 2003), *citing* Moultrie v. Georgia, 464 F.2d 551 (5th Cir. 1972). The revocation of parole or mandatory supervision is a circumstance in which the prisoner is at fault. Moultrie, 464 F.2d at 552. This is recognized by Texas law, which provides that revocation of parole or mandatory supervision results in the loss of time credits for the time spent on parole or mandatory supervision. As explained by the Magistrate Judge, Nard's sentence is still 20 years in length; however, the time which he spent on mandatory supervision which was later revoked does not count toward those 20 years. Nard's assertion that the computation of his time violates Article III of the Constitution is likewise without merit.

A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. Selective Service System v. Minnesota Public Interest Research Group, 468 U.S. 841, 846-47 (1984); *accord*, Canfield Aviation Inc. v. National Transportation Safety Board, 854 F.2d 745, 748 n.4 (5th Cir. 1988). There are three requirements for a bill of attainder: specification of the affected person or persons, punishment, and lack of a judicial trial. Selective Service System, 468 U.S. at 847.

In this case, Nard has failed to show that he was the victim of a bill of attainder because he is not an identifiable individual under the Texas statute regarding sentence computation upon revocation of parole or mandatory supervision. His claim on this point is without merit.

Nor has Nard shown that the computation of his sentence in accordance with Texas law violates his right to freedom of contract or his rights under the *Ex Post Facto Clause*. As noted above, Texas law has provided, since well before Nard was convicted, that the time spent on parole or mandatory supervision which is subsequently revoked is not counted toward the sentence, so the application of this principle to Nard cannot be ex post facto. Finally, Nard's contention that he is being falsely imprisoned is without merit because he has failed to show that his sentence is being computed in an unlawful manner. Nard's claims are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 8th day of September, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE